UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIDE TECHNOLOGIES, LLC d/b/a PRIDE ONE

Plaintiff,

-against-

DANIEL KHUBLALL,

Defendant.

Case No. 1:19-cv-11315-LGS

[PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") requested that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to facilitate the production, exchange, and discovery of documents and information in this action (the "Action") that a Party or a non-party may contend is nonpublic, private, and/or competitively sensitive information.

IT IS HEREBY ORDERED as follows:

1.    This Protective Order shall be applicable to and govern all depositions, documents, or electronically stored information exchanged between the Parties in formal discovery and/or from any third parties in response to requests for production, subpoenas, answers to interrogatories, responses to requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information and materials furnished by a Party, directly or indirectly (including in connection with any mediation or settlement negotiations among the Parties), in connection with this Action (collectively, "Discovery Materials") including Discovery Materials that a Party or a non-party in good faith believes comprises or reflects confidential and/or proprietary information which is not generally known and which normally would not be revealed to third parties or would cause others to maintain it in confidence, including, without limitation, proprietary, commercially sensitive, or

otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

2.      Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting the Action, and such information shall not be disclosed to anyone except as provided herein.

3.      Any information or materials produced by any Party or non-party in connection with this Action may be designated as "Confidential Information" or "Highly Confidential Information" by such Party or non-party pursuant to Paragraph 4 of this Protective Order.

(a) "Confidential Information" shall include any Discovery Material which a Party or non-party reasonably and in good faith believes not to be in the public domain and which contains or reflects proprietary, commercially sensitive, or otherwise confidential financial, business, research, development, technical, strategic, and/or personal information.

(b) "Highly Confidential Information" shall include any Discovery Material which a Party reasonably and in good faith believes is of such a personally, commercially, or competitively sensitive nature that disclosure to persons other than those specified herein could reasonably be expected to result in injury to that Party.  "Highly Confidential Information" shall include, without limitation, information that is not known or available to the public and that constitutes, contains or includes, for example and not limitation, reflects trade secrets; proprietary business information, methods or processes; financial data, reports, or analysis; pricing or cost information; customer or consumer information; sales and marketing information, analysis, or

planning; and other confidential information that is highly proprietary or competitively sensitive.

4.      The designation of information or material for purposes of this Protective Order shall be made in the following manner by the Party or non-party seeking protection:

(a) In the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each page of any document containing any confidential material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-party seeking protection determines the information or material disclosed and sought to be protected hereunder is confidential.  The terms "documents" and "electronically stored information" as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

(b) In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within thirty (30) days after the Party's counsel's receipt of the transcript of the deposition.  At or before a deposition, the

deponent or his or her counsel, or any other counsel, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party that testimony about to be given is deemed protected under this Protective Order.   The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

5.      "Qualified Person" as used herein shall mean: (a) Plaintiff, including Plaintiff's employees materially involved with counsel in the litigation and/or appeal of the Action; (b) Defendant; (c) the Parties' counsel retained specifically for this Action and employees of such counsel assigned to and necessary to assist in the Action; (d) any expert, expert's staff or third party employed or retained by the Parties or the Parties' counsel for the purpose of assisting the Parties in the prosecution and/or defense of the Action, including employees of third party vendors engaged by counsel to provide litigation supports services, including trial consultant, contract attorneys, or outside copying service vendors or electronic document management vendors; (e) employees of the Parties' insurance carriers to whom it is necessary that the Confidential Information and/or Highly Confidential Information be shown for purposes of the Action; (f) witnesses, including counsel for a witness, so long as (i) that witness is identified in discovery as a person with possible knowledge of relevant facts, (ii) the witness is only shown the Confidential Information during and in preparation for his/her testimony, or when counsel has made a good faith determination that it is reasonably necessary for purposes of prosecuting, defending, or appealing this Action to show such information to the witness, and (iii) the witness is not permitted to retain the Confidential Information; (g) the Court, its support personnel, and

court reporters; and (h) any mediator appointed by the Court or agreed to by the Parties who assists the Parties in trying to reach a settlement of this Action.

6.      Access to/disclosure of Confidential Information properly designated as "CONFIDENTIAL" shall be limited to Qualified Persons.   Access to/disclosure of Highly Confidential Information properly designated as "HIGHLY CONFIDENTIAL" shall only be made to those Qualified Individuals described in Paragraphs 5(a), (b), (c), (d), (e), (g), and (h). Such access to/disclosure of Confidential Information or Highly Confidential Information to Qualified Persons shall only be permitted or made to the extent counsel in good faith believes that such access or disclosure is reasonably necessary to the settlement, prosecution, defense, and/or an appeal of this Action, and in the case of Qualified Persons described in paragraphs 5(d), 5(e), and 5(f) above, only after execution by such persons of a written Acknowledgment in the form attached hereto as Exhibit A.

7.      Each Qualified Person shall maintain Confidential Information or Highly Confidential Information in confidence and shall not reveal any Confidential Information or Highly Confidential Information to any person who is not a Qualified Person without the prior written consent of the producing Party's counsel or an order by the Court authorizing such disclosure.  Confidential Information and Highly Confidential Information shall be used only for the purposes of this Action (not any other judicial or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person or entity except as provided herein.

8.      In the event a Party's counsel disagrees with any designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or considers it necessary to disclose Confidential Information or Highly Confidential Information to persons other than as permitted

herein, counsel for the Parties (and non-parties, where applicable) shall confer and attempt to resolve the matter informally.  If they are unable to do so, application shall be made to the Court by the Party disputing the designation or the party who considers it necessary to disclose the information to persons other than as permitted herein, for determination. The burden to establish the need for confidentiality shall be on the Party or non-party having made the designation.   The information in question shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Stipulation and Order, until otherwise agreed to by the applicable parties or ordered by the Court.

9.     The disclosure of a document or information without designating it as Confidential Information or Highly Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information or invalidate a subsequent designation. Upon designation, the information must be treated as Confidential Information or Highly Confidential Information, as applicable, and the receiving Parties must promptly endeavor in good faith to obtain all copies of the document which they distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons.

10.     Any Party filing documents or information with the Court that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by the opposing Party shall follow the procedure outlined in this Court's Individual Rule 1.D.

11.     This Protective Order has no effect upon, and its scope shall not extend to, any Party's use or disclosure of its own Confidential Information.  Any non-party that produces or discloses information in this Action may obtain protection of this Protective Order by complying with the terms herein.  To the extent a discovery request is made to a non-party in this Action,

any Party may notify such non-party that the protections of this Protective Order are available to such non-party.

12.     Nothing herein shall be construed as:  (a) a waiver by any Party of its right to object to any discovery request; (b) waiver of any privilege or protection; or (c) an admission by any Party regarding the admissibility or relevance at trial of any document, testimony, or other evidence.   Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information or Highly Confidential Information disclosed, in accordance with applicable law and Court rules.

13.     Inadvertent production and/or other disclosure alone of documents subject to the attorney-client privilege, work-product immunity, or any other legal privilege that protects information from discovery will not constitute a waiver of the privilege, immunity, or other protection, provided that the producing Party notifies the receiving Party in writing promptly after it confirms such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) will be returned to the producing Party or destroyed immediately upon notice and any information regarding the content of the document(s) will be deleted or destroyed, and may not be disclosed or used in this Action or for any other purpose subject to the last sentence of this paragraph.  The Parties and any non-party providing discovery to the Parties shall have the benefit of all limitations on waiver afforded by Federal Rule of Evidence 502. Any inadvertent disclosure of privileged information will not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information will be binding on nonparties.  Nothing herein shall prevent the receiving Party from preparing a record for its own use containing the date, author, addresses,

and topic of the inadvertently produced material and such other information as is reasonably necessary to identify the material and describe its nature to the Court in any motion to compel.

14.     Within thirty (30) days of the conclusion of this Action (including appeals, if any), all Confidential Information and Highly Confidential Information, and all documents containing Confidential Information and/or Highly Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Protective Order, shall be destroyed or returned to the producing Party's counsel, together with all copies, extracts and summaries thereof, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Protective Order.  Upon request of the producing Party, and in no event later than sixty (60) days after entry of final judgment no longer subject to further appeal, counsel who received the Confidential Information and/or Highly Confidential Information shall deliver a written certification certifying compliance with the terms of this Protective Order to counsel for the Party that produced the Confidential Information or Highly Confidential Information.

15.     This Protective Order may be amended by further Stipulation, or if the Parties are unable to agree, by the Court on the application of either Party.

16.     This Protective Order shall extend beyond the final conclusion of this Action, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties or by Order of the Court.

17.     This Protective Order shall be binding on the Parties, their counsel, all Qualified Persons, and all other persons having knowledge of its terms.  It is enforceable by the contempt

power of the United States District Court for the Southern District of New York and by any other

sanction deemed appropriate by the Court.

Dated: New York, New York
       May 22, 2020

So Ordered.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: May 26, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIDE TECHNOLOGIES, LLC d/b/a PRIDE ONE

                       Plaintiff,

        -against-

DANIEL KHUBLALL,

                   Defendant.

Case No. 1:19-cv-11315-LGS

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

      I hereby acknowledge that I have read the Protective Order (the "Protective Order") in the above-captioned litigation and understand its terms.

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and are confidential by Order of the Court.  I agree to be bound by the Protective Order as a condition of receiving access to, copies of, documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

      I hereby agree that I will not disclose the documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any notes or other memoranda or writings reflecting such documents or information, to any other person, except as specifically authorized under the Protective Order. I further agree not to use any such information for any purpose other than this litigation.

      I acknowledge that my obligation to honor the confidentiality of such documents or information will continue even after the termination of this litigation.

I acknowledge that an unauthorized disclosure of documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may subject me to sanctions, including contempt of court.

I further agree to submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this agreement and the Protective Order, and any disputes arising thereunder, even if such enforcement proceedings occur after termination of this action.

Date: _____

_____
Signature

_____
Print Name