# WECHSLER & COHEN, LLP

Attorneys At Law
17 State Street - 7th Floor
New York, New York 10004
Telephone:  (212) 847-7900

By **October 30, 2020**, Plaintiff shall file a responsive letter.  The Clerk of Court is respectfully directed to close Docket No. 71.

MITCHELL S. COHEN
Direct Dial: (212) 847-7918
Email: mcohen@wechco.com

So Ordered.

October 23, 2020

Dated: October 26, 2020
        New York, New York

*Via ECF*

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York-Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

### Re: *Pride Technologies, LLC d/b/a Pride One v. Khublall, Case No. 19-cv-11315 (LGS)*

Your Honor:

We represent defendant Daniel Khublall and write concerning Plaintiff's inadequate document production and failure to comply with Your Honor's October 8, 2020 directive (the "Order") that "Plaintiff shall produce documents sufficient to calculate Plaintiff's operating expenses and costs, with appropriate designations pursuant to the parties' Protective Order at Dkt. No. 53." (Dkt. No. 72)

On October 19, 2020, Plaintiff produced single-page and heavily redacted summaries of "Statement[s] of Income and Member's Equity" ("Income Statements") for Pride Technologies, LLC ("Pride") for the years 2014, 2015, 2017, and 2018 (but not 2016).  Plaintiff also produced thousands of pages reflecting revenue received from non-party Thomson Reuters ("TR") and paid to Pride workers placed at TR for the years 2013-2018, with a summary page denoting annual "Revenue," "COGS," "Operating Expense," and "Profit." As to the latter, Plaintiff produced near-identical documents on October 6, 2020, with the only difference being the unsupported "Operating Expense" column on the summary page.

Plaintiff's production, as supplemented, does not allow for a calculation of Plaintiff's operating expenses and costs.  Plaintiff has not complied with the Order.  At most, Plaintiff's production reflects the end result of Plaintiff's internal calculation of its revenue and operating expenses (but not costs). Plaintiff has failed to provide any documentation for how these numbers were calculated. Plaintiff's production does not allow for Defendant to calculate independently and test Plaintiff's claimed damages.  Although Fed. R. Evid. 1006 allows a party to use a summary "to prove the content of voluminous writings," the Rule requires the proponent to "make the originals or duplicates available for examination or copying, or both, by other parties."

For example, the single-page excerpts of Pride's Income Statements redact all lines except "Revenues" and "Operating expenses."  These Income Statements (which Plaintiff's counsel told us in today's meet and confer have been audited and certified) should be produced

Hon. Lorna G. Schofield, U.S.D.J.                                                    Page 2
October 23, 2020

in their entirety and without redaction (including 2016).  There is no basis for Plaintiff to withhold information concerning its cost of revenues, gross profit, expenses, taxes, and net income—all of which are necessary to assess Plaintiff's lost profits claim.  The redactions are also inappropriate because there is a protective order in place and Plaintiff has designated its production as Highly Confidential.

In addition, Plaintiff has produced no documents to support Plaintiff's purported calculation of gross revenue and operating expenses. Thus, Defendant cannot calculate independently Plaintiff's operating expenses and costs, including without limitation employee costs (salary and benefit information including people that work for Plaintiff but not as contingent labor for TR), expenses incurred for payroll services provided to TR, fixed and variable overhead costs, and taxes paid.

On October 21, 2020, two days after Plaintiff's most recent production, Defendant wrote Plaintiff about these issues.  On October 23, 2020, the parties spoke at length by telephone. During this meet-and-confer, Defendant offered that to be efficient, and in lieu of Plaintiff's production of all documents underlying Plaintiff's calculations, Defendant would accept certified complete copies of Plaintiff's financial statements and tax returns for the years 2014 through 2018 without redactions. Plaintiff rejected this offer outright and asserted that the summary pages provided are sufficient. Plaintiff was unwilling to produce any additional documents, insisting that documents demonstrating Plaintiff's margins on providing contingent labor to TR and total TR derived revenue sufficed to calculate its damages.

Plaintiff seeks ten million dollars in lost profits damages. After repeatedly rebuffing Defendant's discovery requests, Plaintiff now defies this Court's order and refuses to disclose documents necessary to calculate Plaintiff's profits. Defendant respectfully requests that Plaintiff be ordered to make a complete production in compliance with the Court's Order and/or for all other relief this Court deems appropriate pursuant to FRCP Rule 37(b)(2)(A).

Respectfully submitted,

/s/ *Mitchell S. Cohen*
Mitchell S. Cohen
Daniel B. Grossman

cc: All counsel (via ECF)